UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1434-B |
| | § | |
| HOWCO REALTY, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Howco Realty, LLC ("Howco")'s Motion to Set Aside Judgment (Doc. 14), which asks the Court to set aside the Clerk's entry of default against Howco in accordance with Federal Rule of Civil Procedure 55(c). Because Howco has demonstrated good cause, the Court **GRANTS** Howco's motion (Doc. 14) and sets aside the Clerk's entry of default (Doc. 8).

### I.

### BACKGROUND

This is a failure-to-accommodate case. Perkins, a disabled individual, alleges Howco failed to provide "ADA-Compliant Van Accessible parking spaces" in the parking lot of Howco's tenant, Southwest Auto. Doc. 1, Compl., ¶¶ 5–7, 9. Based on this lack of accessible parking, on June 17, 2021, Perkins filed a complaint in this Court alleging Howco violated 42 U.S.C. § 12182 and accompanying provisions of the Americans with Disabilities Act (ADA). *Id.* ¶¶ 18–20. In his complaint, Perkins seeks injunctive relief; declaratory relief; and attorneys' fees and costs. *Id.* ¶¶ 21–24.

After filing his complaint, Perkins filed a return of service indicating that his attorney served Howco by certified mail, return receipt requested, on June 28, 2021. Doc. 6, Return, 1–2. On July 27, 2021, Perkins requested an entry of default against Howco from the Clerk of Court. Doc. 7, Mot., 1. The Clerk then entered default against Howco. Doc. 8, Clerk's Entry of Default, 1. Two days later, Howco filed an answer (Doc. 9) to the complaint, and the Court ordered Howco to file a motion to set aside the entry of default. Doc. 11, Electronic Order.

On August 6, 2021, Howco filed its motion to set aside the entry of default (Doc. 14). Perkins thereafter filed a response (Doc. 16). Because the Court does not need a reply brief to resolve this motion, *see* N.D. Tex. Loc. R. 7.1(f), the Court assesses the motion below.

## II.

## LEGAL STANDARD

A court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Thus, the "good cause" standard is liberally construed. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

To determine whether a defendant has shown good cause under Rule 55(c), a court should consider the following factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant presents a meritorious defense. *Dierschke*, 975 F.2d at 184. The Court need not consider all of these factors. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Ultimately, "[t]he decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183

(5th Cir. 1985).

Nonetheless, if the district court lacks personal jurisdiction over the defendant due to improper service of process, the court "must set aside the clerk of court's entry of default as a matter of law." *Titan Glob. Holdings, Inc. v. Evan*, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

The Court favors resolving actions on the merits and therefore will resolve any doubts in favor of the defendant. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are 'generally disfavored in the law'" (citation omitted)); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." (citation omitted)).

## III.

## ANALYSIS

The Court holds Howco has shown good cause for setting aside the entry of default. First, Howco has provided evidence that its failure to timely answer was not willful. Specifically, Howco provides an affidavit from its manager, which explains that a few days after Howco received the complaint, Howco began negotiating with Perkins's counsel. Doc. 14, Ex. A (Aff.), ¶ 6. Accordingly, Howco explains, it "was under the impression that [Perkins] was interested in settling the case rather than . . . spending money on litigating the matter." Doc. 14, Mot., ¶ 9. In response, Perkins does not

suggest that Howco's impression was inaccurate; rather, Perkins simply asserts, "Defense counsel provides no explanation as to why [Howco] did not file a responsive pleading or answer by the deadline." Doc. 16, Pl.'s Resp., ¶ 10. Given Howco's explanation above, this is simply wrong.[1] More importantly, Howco's explanation suggests that its default was not willful.

Second, Perkins will not be prejudiced by the Court's setting aside of the entry of default. This case was filed approximately two months ago, and Perkins does not even attempt to argue prejudice. *See generally* Doc. 16, Pl.'s Resp. As the Fifth Circuit has noted, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (citation and quotation marks omitted). Accordingly, Perkins will not suffer prejudice if the Court sets aside the entry of default.

Third, Howco has presented colorable defenses. Among other arguments, Howco asserts that its tenant, Southwest Auto, is exempt from the ADA provision at issue and that Howco "currently has ADA compliant parking[.]" Doc. 14, Def.'s Mot., ¶ 19. Though Perkins disputes these matters, *see* Doc. 16, Pl.'s Resp., ¶ 15, Perkins's disagreement regarding Howco's likelihood of success on the merits does not preclude a finding that Howco's defenses are meritorious. *See US Green Bldg. Council, Inc. v. Wardell*, 2015 WL 5164068, at *3 (N.D. Tex. Sept. 1, 2015) ("To show a meritorious defense, Defendant need not prove that it will likely succeed on the merits." (citation and quotation marks omitted)). The Court thus concludes Howco presents meritorious defenses.

Overall, Howco has shown good cause for the Court to set aside the entry of default.[2]

---

[1] Perkins also refers to the wrong defendant in its response. *See* Doc. 16, Pl.'s Resp., ¶ 2.

[2] Howco also challenges the entry of default based on improper service. Doc. 14, Def.'s Mot., ¶ 15. Because the Court finds good cause for setting aside the entry of default, the Court need not address whether service was proper in order to resolve Howco's motion. Further, the Court need not address whether service

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Howco's motion (Doc. 14) and sets aside the Clerk's entry of default (Doc. 8).

**SO ORDERED.**

**SIGNED: August 19, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

was proper for personal jurisdiction purposes because, by filing an answer without objecting to service, *see generally* Doc. 9, Answer, Howco waived its right "to object to service of process" throughout these proceedings. *See City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citation omitted).